30685. DUNN *v.* GALLAHAR.

DECIDED MARCH 1, 1945.

*Pierce Brothers, J. Glenn Stovall,* for plaintiff in error.
*Stevens & Stevens,* contra.

BROYLES, C. J. This is a companion case to *Blanchard* v. *Gallahar,* ante. Mrs. Gallahar sued both Blanchard and Dunn jointly for the death of her husband, but each defendant filed a separate demurrer to the petition; and, when both demurrers were overruled, each defendant filed a separate bill of exceptions to that judgment. In the *Blanchard* case this court decided that the petition showed that the death of Gallahar was caused by the negligence of Dunn in operating the ambulance in which he and Gallahar were riding, and that the petition further showed that Dunn and Gallahar were fellow servants of Blanchard, and, there-

fore, that Blanchard was not liable for Gallahar's death, and that the court erred in overruling Blanchard's general demurrer.

However, in this case, the petition, even when properly construed (most strongly against the plaintiff), clearly showed that Gallahar's death was caused by the gross and wanton negligence of his fellow servant Dunn in the operation of the ambulance (see the *Blanchard* case for the details of the petition). Therefore, we think that Dunn's general demurrer was properly overruled. The cases cited in his behalf are not applicable here.

On the trial some of the special grounds of the demurrer were sustained, but the plaintiff was allowed time to amend her petition to cure the defects pointed out. The record shows that within the period allowed, the amendment was filed and "allowed, subject to demurrer." However, no demurrer was filed to the amendment or to the petition as so amended. Other special grounds of the demurrer were overruled. However, the exceptions to that ruling are not argued in the brief of counsel for the plaintiff in error. On the contrary, counsel state in their brief that "the case is now before this court on a bill of exceptions filed by Gordon Dunn, complaining of error in the judgment of the court refusing to sustain the general demurrer." Therefore the exceptions to the judgment overruling certain special grounds of the demurrer are treated as abandoned; and the rulings upon all of the special grounds have become the law of the case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*